UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PLAMAR NAVIGATION LTD.,                          :
                                                 :
                    Plaintiff,                   :            08 Civ.
                                                 :
        - against -                              :            ECF CASE
                                                 :
TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a         :
SHENGJZA (HONG KONG) SHIPPING AND                :
TRADING CO., LIMITED,                            :
                                                 :
                    Defendant.                   :
-------------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

        Plaintiff, PLAMAR NAVIGATION, LTD. (hereinafter "Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Amended Verified Complaint against the

Defendant, TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a SHENGJZA (HONG KONG)

SHIPPING AND TRADING CO., LIMITED  (hereinafter "Defendant") alleges, upon information

and belief, as follows:

        1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.  Jurisdiction over this matter is

also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this

Court's federal question jurisdiction, 28 United States Code § 1331.

        2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation, or

other business entity organized and existing under foreign law, and owner of the motor vessel "M/V

TEMIRA" (hereinafter the "Vessel").

        3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity organized and existing under foreign law.

4.      By a GENCON charter party dated September 28, 2007, (the "charter party")

Plaintiff chartered the Vessel to Defendant for the carriage of steel products from Changshu, China

to Ravenna, Italy.  *See Fixture Note attached hereto as Exhibit 1.*

5.      Pursuant to the terms of the charter party, the cargo was shipped FIOST [1], and was to

discharge free of any cost and expense to the Plaintiff.  The charter party also provided "Normal

L/S/D and separation costs TB for SHPRS/CHRS ACCT." *See Exhibit 1.*

6.      Plaintiff delivered the Vessel into the service of the Defendant and has at all times

fully performed its duties and obligations under the charter party.

7.      The Vessel arrived at Ravenna on or about January 12, 2008 and berthed on January

14, 2008 alongside Docks Cereali.   Since this date, the Vessel has been alongside berth in Ravenna,

ready and waiting completion of the discharge of the cargo.

8.      On January 17, 2008, the discharging port agent informed Plaintiff that the stevedore

company would not give gangs to discharge the Vessel due to alleged unsafe stowage of the cargo

into the holds.

9.      The discharging terminal proposed many solutions to discharge the cargo, all of

which the stevedore company refused.

10.      Plaintiff sent several communications to Defendant asking it to interfere with the

cargo receivers to discharge the cargo, and to confirm discharge costs and to speed up discharge of

the Vessel.  However, the Defendant did not respond to these requests.

11.      Finally the discharging terminal proposed a solution for discharging the cargo which

involved putting expanding clay in the holds to cover empty spaces.  The discharging terminal

estimated the costs of this solution to be approximately $607,424.00.  The discharging terminal

---

[1] *"Free In and Out Stowed and Trimmed"* is a standard shipping term understood to mean that the
cargo will be loaded, discharged, stowed and trimmed free of expense to the ship owner.

would not commence discharging until each of the cargo receivers confirmed it would pay each part of these costs.

12.    Discharge finally commenced on March 1, 2008. As of April 14, 2008, about 17,502 MT of cargo still remained on board the Vessel. The Vessel had been lying at Ravena for approximately two months. As of May 19, 2008, discharge has resumed and is ongoing.

13.    The charter party provides a dentition charge of $35,000.00 per day if the cargo and/or cargo documents were not ready at both ends. *See Exhibit 1.*

14.    Defendant has breached its obligations under the charter party by failing to arrange and pay for the discharge of the cargo and the expenses related thereto pursuant to its obligations under the charter party.

15.    As a result of Defendant's breach of the charter party, Plaintiff has suffered damages, including, but not limited to, lost earnings and additional port expenses.

16.    Pursuant to the charter party, all disputes are to be submitted to arbitration in London with English Law to apply.   Plaintiff has commenced arbitration by its appointment of an arbitrator. *See copy of Arbitrator's acceptance of appointment  attached hereto as Exhibit 2.*

17.    This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of London arbitration proceedings.

18.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitral proceedings conducted pursuant to English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.

19.    As best as may now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party at London arbitration:

| | | | |
|---|---|---|---|
| A. | Principal claim: | $ | 5,107,424.00 |

*Detention charge of $35,000.00 per day for 120 days: $4,200,000*

*Additional port expenses: $ 300,000.00*

*Costs of Discharge: $ 607,424.00*

| B. | Interest on principal claim at 5.5% compounded quarterly for three years: | $ | 909,468.50 |
|---|---|---|---|
| C. | Estimated recoverable legal fees and costs: | $ | 400,000.00 |
| D. | Costs of Arbitration | $ | 100,000.00 |
| **Total:** | | $ | **6,516,892.50** |

20.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

21.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Amended Verified Complaint;

B.      That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$ 6,516,892.50** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Verified Complaint;

D.      That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.      That in the alternative, this Court enter judgment against the Defendant on the claims set forth herein;

F.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G.      That this Court award Plaintiff its attorney's fees and costs of this action; and

H.      That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 22, 2008
       Southport, CT

The Plaintiff,
PLAMAR NAVIGATION LIMITED


By: _____

Kevin J. Lennon
Anne C. LeVasseur
LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
kjl@lenmur.com
acl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                       )    ss.:     Town of Southport
County of Fairfield )

1.       My name is Anne C. LeVasseur.

2.       I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.       I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.       I have read the foregoing Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.       The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.       The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.       I am authorized to make this Verification on behalf of the Plaintiff.

Dated: May 22, 2008
        Southport, CT

                              *Anne C. LeVasseur*
                          Anne C. LeVasseur

EXHIBIT 1

## FIXTURE   NOTE

IT IS ON THIS DAY 28,SEP 07 MUTUALLY AGREED BETWEEN CHARTERERS AND OWNERS
ON FLWG TERMS N CONDITONS :

-OWNER: PLAMAR NAVIGATION LTD.
-CHARTR: TIANJIN SHENGJIA SHIPPING CO., LTD

- VSL:
MV 'TEMIRA'
GEARLESS SD – BLT 1978
52975 MTS DWAT ON 12.25 M SSWS,
GRT/NRT 30596 / 18041
LOA/BEAM 215.40 / 31.86
GRAIN IN MAIN HOLDS – 2,120,534 CFT (HA CMNGS INCLDD)
8 HOLDS/ 8 HATCHES
HATCH SIZES: NO.1: 12.80x13.60M, NOs 2-8: 12.80x17.00M
TYPE OF HATCH COVERS: HYDRAULIC FOLDING
E/B AFT, VSL HAS NATURAL VENTILATION
- ALL DETS ABT-
CLASS: BRS
PANDI: INGOSTTRAKH
H+M: ALLIANZ
ISM/ISPS OK
(ADA WOG)

- COO : 34000MT 5% LESS / MAX 35000MT IN CHRS OPTION
  STL PRODUCTS AS FOLLOW:
  1)  16000MT STL PIPE L:6-12M DIA:60-340MM MAX 3MT/BDL
      4000MT STL PIPE L10MM-178MM* 10*12M,MAX:5MT/BDL.
      2000MT ROUND BAR L:5-9M,U/W:5-8MT
      4000MT ROUND BAR L:6M
      - FREIGHT: FIO US$ 87 PMT FIOST L/S/D/LL BSS 1/1 ON B(SVL QTY
  2)  8000MT STEEL PLATE (MAX:20MT)
      - FREIGHT: FIO US$ 85 PMT FIOST L/S/D/UL BSS 1/1 ON B(SVL QTY
- CARGO TO BE LOADED/DISCHARGES AS PER MASTER' COO PLAN
- LDPORT : 1SBP CHANGSHU,CHINA
- DISCHPORT : 1 SBP RAVENNA,ITALY WHERE 31' SWAD
- LYCN :28th SEPTEMBER - 5TH /OCT,2007
- LDG : COD
- DISCH : COD
- NOR AT LOADPORT N DISCH PORT CAN BE TENDERED BY MASTER THRU CABLE OR IN
WRITING W/I OFFICE HRS MON-FRI 0900-1700HRS N 0900-1200 HRS ON SAT OR DAY



This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi com

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

PRIOR HOLIDAY. NOR CAN ONLY BE TENDERED W/I STIPULATED LAYCAN

• DETENTION CHARGE : USD3500B.00 PDPR. IF CGO AND/OR CGO DOCUMENTS NOT
READY BOTH ENDS

- 100 PCT OF FRT, LESS COMM, TB PAID W/I 3 BANKING DAY(S) AFTER COMPLETION OF
LOADING N S/R B/L, THE OWNERS AGREED TO SIGN/ RELEASE THE B/L AGAINST FULL
FRT BANK SLIP

- IN THE ABSENCE OF ORIGINAL B(S)/L AT DISCHPORT, OWNRS/MASTER AGREE TO
DISCHARGE N REL BASE THE CGO AGAINST CHRTRS AND CHRTRS OPTN RECEIVER LOI
IN OWNRS PNI CLUB'S WORDING BUT ALWAYS WITHOUT BANK GUARANTEE AND/OR
BANK ENDORSEMENT

• SHORE CRANE IF ANY TBF CHTRS ACCT BENDS.

• OAP IF ANY TB FOR CHTRS ACCT

• NORMAL L/S/D AND SEPARATION COSTS TB FOR SHPRS/CHRS ACCT

• SEPARATION FOR CARGOES UNDER DIFFERENT B/L TO BE FOR CHRS A/C PROVIDED
THAT CHRS/SHPRS HAVE GIVEN PROPER INSTRUCTION IN DUE TIME

• ANY TAX/WHARFAGE/DUES ON CGO CHRTRS A/C BENDS

• ANY TAX/WHARFAGE/DUES ON VSL/FRT OWNRS A/C BENDS

- CHTRS NOMINATED AGENTS AT BENDS WITH REASONABLE PD
OWRS TO PAY ALL REASONABLE AGENCIES/PORT DUES BENDS.
LOADING PORT AGENT : CHINA MARINE SHIPPING AGENCY CHANGSHU CO.
DISCHARGING PORT AGENT TO BE NOTED.

• CHRS ARE NOT RESPONSIBLE FOR ANY STEVEDORE DAMAGES. ANY   STEVEDORE
DAMAGES TB SETTLED DIRECTLY B/TWN OWRS AND THE    STEVEDORES CO. BUT
CHRS WL TRY UTMOST TO ASSIST.

• LIGHTENING/LIGHTERAGE, IF ANY TBF CHTRS ACCT.

- PART CARGO IS ALLOWED.

ANY SEPARATION IF REQUIRED FOR LOADING PART CARGO   TO BE ON OWRS
TIME/RISK/EXPENSES.    WKS  TO  REMAIN  FULLY  RESPONSIBLE   FOR  ANY
CONTAMINATION FOR LOADING PART CARGO ON VSL

- SHIPSIDE TALLY TB FOR OWRS ACCT, SHORESIDE TALLY TB FOR CHRS ACCT.
AT LOADPORT COMPULSORY TALLY TB FOR CHRS ACCT.

• OWRSES AS PER GENCON 1976 C/P PFMA WITH LOGICAL AMENDMENTS/ALTERATIONS.

• COMM: 2.5% TO TIANJIN SHENGJIA SHIPPING CO., LTD

For and on behalf of
TIANJIN SHENGJIA SHIPPING CO., LTD.
天 津 晟 嘉 船 务 有 限 公 司
AS CHARTR
Authorized Signature(s)

P L A M A R
N A V I G A T I O N
AS OWNER

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

EXHIBIT 2

## M.J. BAKER-HARBER

**8401 8718**

14 Cheyne Gardens
LONDON
SW3 5QT



L.M.A.A

TELEPHONE:    020-7351 1328
FAX:    020-7351 1623
EMAIL:    mbh@mbharb.fsnet.co.uk

## Facsimile Transmission

| | | |
|---|---|---|
| To | : | Ince & Co |
| Attn | : | Nick Burgess/Matthew Moore |
| Ref | : | NB/MM/8401/8718 |
| Fax No | : | 020 7481 4968 |
| | | |
| Date | : | 25th April 2008 |
| No of Pages | : | 1 + 1 |

**RE : TEMIRA – V.04.07 – B/Ls issued on or around 13 to 17 October 2007
- Disputes with Charterer, Tianjin Shengjia Shipping Co**

Thank you for your fax of today.

I confirm having accepted this appointment to act as arbitrator on behalf of Plamar Navigation Limited with respect to all and any disputes with Charterers, Tianjin Shenglia Shipping Co. Ltd. arising under or in connection with the above bills of lading.

This appointment is accepted upon the current LMAA terms. An invoice in respect to my appointment fee is attached.

Kind regards

Michael Baker-Harber